**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES, | |
|    Plaintiff, | CIVIL ACTION NO. 3:10-CV-2213 |
|    v. | (JUDGE CAPUTO) |
| LENN W. ZEUNEN, et al., | |
|    Defendants. | |

## MEMORANDUM

The United States has moved for summary judgment in their suit to reduce to judgment federal tax assessments made against defendants Lenn and Melanie Zeunen. The Zeunens have not responded the motion. The Court will grant summary judgment in favor of the United States. The government has established its *prima facie* case for liability and the Zeunens have not produced any evidence that they are not indebted to the United States.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not

a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

When non-movant fails to oppose motion for summary judgment trial court may assume truth of facts set forth in motion but may not deem motion conceded, because court must still inquire whether facts therein entitle movant to relief as a matter of law. *Anchorage Ass'n v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir.1992).

## DISCUSSION

An assessment is the official recording of the Secretary of the Treasury's determination that a taxpayer owes particular taxes, including interest, additions to tax, and assessable penalties, imposed by the Internal Revenue Code. 26 U.S.C §§ 6201, 6203.

The United States can establish a *prima facie* case in support of the tax liability charged in the complaint when it introduces into evidence the certified copies of the certificates of assessment. *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971). Once the United States establishes its *prima facie* case in a suit to reduce assessments to judgment, the taxpayer bears the burden of proving the assessment is erroneous. *Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001). If the defendants fail to meet their burden of showing that the tax assessments are incorrect, summary judgment in favor of the government is appropriate. *United States v. Buaiz*, 521 F. Supp.2d 93, 96 (D. D.C. 2007).

Here, the Internal Revenue Service has submitted certified assessments against Lenn Zeunen for the year 1999 and for Lenn and Melanie Zeunen for the years 1999, 2005, and 2007. (Pl. Ex. 1-4.) The assessment against Lenn Zeunen totals $55,526.78. The assessments for Lenn and Melanie Zeunen total $42,107.43. The Zeunens have

not brought forth any evidence challenging the assessments and have not responded to the United States' motion.  The Court will therefore grant the motion for summary judgment.

     An appropriate order follows.


  12/8/11                                                                                                              /s/ A. Richard Caputo   
Date                                                                                                              A. Richard Caputo
                                                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES, | |
|     Plaintiff, | CIVIL ACTION NO. 3:10-CV-2213 |
|     v. | (JUDGE CAPUTO) |
| LENN W. ZEUNEN, et al., | |
|     Defendants. | |

**ORDER**

    **NOW**, this ___8th___ day of December 2011, **IT IS HEREBY ORDERED** that:

(1) The United States' motion for summary judgment (Doc. 15) is **GRANTED**.

(2) The Clerk of Court shall enter judgment in favor of the United States against Lenn Zeunen in the amount of **$55,526.78**, plus statutory additions and interest accruing from August 1, 2011, until paid; and

(3) The Clerk of Court shall enter judgment in favor of the United States against Lenn Zeunen and Melanie Zeunen in the amount of **$42,107.43**, plus statutory additions and interest accruing from August 1, 2011, until paid.

                                                 /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge